<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| ROGER O. PUSEY, | : | Hon. Faith S. Hochberg |
| Petitioner, | : | Civil No. 14-6010 (FSH) |
| v. | : | **MEMORANDUM OPINION** |
| CHRISTOPHER SHANAHAN, et al., | : | Date: October 6, 2014 |
| Respondents. | : | |

**HOCHBERG, District Judge:**

This matter is before the Court upon Petitioner's writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. The Petition will be denied.

IT APPEARING THAT:

1. As this Court has noted in other of Petitioner's cases, he has previously filed petitions pursuant to 28 U.S.C. § 2241 concerning his ongoing detention while in removal proceedings. *See Pusey v. Aviles*, 13-3416, 13-4366, 13-6973, 14-1414. Cases 13-4366 and 13-6973 were dismissed as duplicative of 13-3416. Case 13-3416 was denied on January 29, 2014. Case 14-1414 was denied on June 10, 2014.

2. Thereafter, on June 24, 2014, Petitioner filed a Petition in the District Court for the Southern District of New York. The Petition was subsequently transferred to this Court on July 16, 2014 and was docketed here as 14-4487. This Court administratively terminated that matter on August 25, 2014. Petitioner then filed the instant Petition in the

District Court for the Southern District of New York on September 8, 2014 and the matter was transferred to this Court on September 26, 2014.

3. The currently pending Petition concerns some of the same issues as presented in 13-3416. As stated in this Court's earlier Opinion entered in the matter of *Pusey v. Aviles*, 13-3416, Petitioner's challenge to his ongoing pre-removal detention, because he was not taken into custody immediately upon completion of his criminal sentence for a removable offense, must fail. The United States Court of Appeals for the Third Circuit held in *Sylvain v. Attorney Gen. of U.S.*, 714 F.3d 150 (3d Cir. 2013) that "[e]ven if [8 U.S.C. § 1226(c)] calls for detention 'when the alien is released,' and even if 'when' implies something less than four years, nothing in the statute suggests that immigration officials lose authority if they delay. *See Sylvain*, 714 F.3d at 157.

4. Furthermore, also as addressed in the earlier Opinion, Petitioner has not shown that he has been subjected to unreasonably prolonged pre-removal detention in violation of the Due Process Clause under *Diop v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir. 2011) (finding that *Diop*'s nearly three-year detention was unconstitutionally unreasonable and, therefore, a violation of due process).

5. In addition to the foregoing, Petitioner makes reference to a final order of removal date in an application for issuance of an order to show cause that he attaches to his Petition. Specifically, he states that "petitioner has been detained from August 09, 2012, and it is now [blank], and the petitioner is not removed from the United States, and is on final order was issue [sic] on September 06, 2013." *See* ECF. No. 1, p. 4. Thus it appears that Petitioner may be suggesting that a final order of removal was entered on September 6,

2013, and that he is now pursuing a claim pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001).

6. In *Zadvydas*, the United States Supreme Court held that post-removal-order detention is subject to a temporal reasonableness standard. Specifically, once a presumptively-reasonable six-month period of post-removal order detention has passed, a detained alien must be released if he can establish that his removal is not reasonably foreseeable. Accordingly, to state a claim for relief under *Zadvydas*, the six-month presumptively-reasonable removal period must have expired at the time the Petition is filed.

7. In addition, "[u]nder *Zadvydas*, a petitioner must provide 'good reason' to believe there is no likelihood of removal" in the reasonably foreseeable future. *Jones v. United States*, 127 F. App'x 79, 82 (3d Cir. 2005). *See also Zadvydas*, 533 U.S. at 701 ("After th[e] 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." )

8. To the extent that Petitioner is pursuing a *Zadvydas* claim here, that claim is insufficiently pled. As an initial matter, Petitioner referred to what appears to be a final order removal date in his request for an order to show cause as opposed to in the Petition itself. In this connection, Petitioner does not specify whether he is referring to the date he was ordered removed by an Immigration Judge, or the date that the Board of Immigration Appeals (BIA) affirmed the Immigration Judge's ruling. It is the latter that governs his *Zadvydas* claim. *See* 8 C.F.R. § 1241.1(a) ("An order or removal made by the immigration judge at the conclusion of proceedings ... shall become final ... [u]pon dismissal of an appeal by the

Board of Immigration Appeals.")  He also does not explicitly assert a *Zadvydas* claim in the Petition, but only cites the case in discussing his pre-removal detention claims.  *See, e.g.,* ECF. No. 1, pp. 19 – 27 ("Claims for Relief").  Finally, Petitioner does not state any facts relating to whether there is good reason to believe he will not be removed in the reasonably foreseeable future.  Therefore, the Petition will be dismissed without prejudice to Petitioner filing an amended Petition that cures the *Zadvydas*-related deficiencies noted herein, to the extent that Petitioner intends to raise a *Zadvydas* claim.  Should Petitioner choose to file an amended petition, he must do so within thirty (30) days of the date of the Order accompanying this Opinion.[1]

9. For the foregoing reasons, the Court denies Petitioner's application for habeas relief pursuant to 28 U.S.C. § 2241.  Petitioner's request for appointment of counsel is denied as moot.  An appropriate Order follows.


                                                       s/ Faith S. Hochberg
                                                       **Hon. Faith S. Hochberg, U.S.D.J.**

---

[1] Alternatively, Petitioner may file a new § 2241 petition (in a new case) if Petitioner can allege facts showing that he has been detained for more than six months since the Board of Immigration Appeals affirmed his order of removal, and that there is good reason to believe that there is no significant likelihood of Petitioner's removal in the reasonably foreseeable future.